UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE STEPHENS,

    Plaintiff,

v.                                         Case No:   8:14-cv-397-T-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Joyce Stephens appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB").  For the reasons discussed herein, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

### I.   Issues on Appeal

There is one over-arching issue on appeal; specifically, whether substantial evidence supports the ALJ's determination that Plaintiff is capable of performing her past relevant work ("PRW") and therefore is not disabled.

### II.   Procedural History and Summary of the ALJ's Decision

On October 6, 2010, Plaintiff filed applications for a period of disability and DIB, alleging she became disabled and unable to work on June 15, 2005.  Tr. 90-91.  The Social Security Administration ("SSA") denied her claim initially on December 1, 2010 and upon reconsideration on February 7, 2011.  Tr. 56, 57.  Plaintiff then


requested and received a hearing before ALJ Dores D. Mc Donnell, Sr. on July 19, 2012, during which she was represented by an attorney. Tr. 34-55. Plaintiff provided the only testimony taken at the hearing, in response to questions from her attorney. *Id.* The ALJ did not question Plaintiff. *See id.*

On July 25, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying her claim. Tr. 19-29. The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2009, the date of last insured. Tr. 21. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from June 15, 2005, the alleged onset date, through the date of last insured. *Id.* At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disk disease of the cervical and lumbar spine; bilateral knee degenerative arthritis; carpal tunnel syndrome; and obesity. *Id.* At step three, the ALJ concluded that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23.

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary to a wide range of light work, with additional limitations. Tr. 23. In doing so, the ALJ stated that he specifically considered the effects of Plaintiff's limitations, including her obesity pursuant to SSR 02-1p, on her ability to perform sustained work activity in an ordinary work setting on a regular and

continuing basis. Tr. 27. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the ALJ's RFC determination. *Id.*

The ALJ then found that, through the date last insured, Plaintiff was capable of performing her past relevant work ("PRW") as a program support clerk, which the ALJ described as "likely at least semi-skilled light exertional levels" based on Plaintiff's description that she used machines, equipment and technical knowledge. Tr. 28. The ALJ considered the duties of general clerk position, as set forth in DOT 209.562-010, which identifies the position as semi-skilled light exertional work with SVP of 3, and determined that the requirements of Plaintiff's PRW do not exceed her RFC. *Id.* Thus, the ALJ found that Plaintiff was not disabled and denied her claim. Tr. 28-29.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied on December 17, 2013. Tr. 1-6, 14-15. Accordingly, the ALJ's July 25, 2012 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on February 14, 2014. Doc. 1.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

Plaintiff first contends that the ALJ erred by failing to consult a vocational expert ("VE") to determine whether she was capable of performing her past relevant work. Doc. 26 at 6. Plaintiff argues that the ALJ failed to sufficiently develop the record regarding the requirements of Plaintiff's past relevant work, and the ALJ's description of Plaintiff's past work as "likely at least semi-skilled light exertional" is inconsistent with the ALJ's RFC determination that Plaintiff was limited to standing and walking only two hours in an eight hour workday. Doc. 26 at 8 (quoting Tr. 28). Specifically, Plaintiff argues that her RFC precludes performance of light work, as defined in SSR 83-10, due to her "highly limited ability to stand and/or walk," which Plaintiff contends limits her only to sedentary work. Doc. 26 at 9. Plaintiff's remaining arguments, that the ALJ failed to determine whether she was capable of performing other work and that the Medical Vocational guidelines (the "grids") direct

a finding that Plaintiff is disabled, necessarily rely upon the Court first concluding that the ALJ erred by failing to call a VE.

The Commissioner asserts that the ALJ's decision is supported by substantial evidence, because the definition of "light work" also encompasses work that "involves sitting most of the time with some pushing and pulling of arm or leg controls," and "while the 'full range' of light work may require standing or walking for a total of six hours in a day, that does not mean a job cannot be categorized as light work where an individual sits most of the time as is expressly contemplated by the Commissioner's rulings and regulations." Doc. 29 at 5, 5-6. Thus, the Commissioner argues that the ALJ did not err in determining that Plaintiff can return to her past relevant work because the definition of light work is sufficient to encompass her RFC. *Id.* at 6.

Here, the Court need not reach the full merits of Plaintiff's argument, because the undersigned agrees with Plaintiff's contention that the ALJ failed to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *see* Doc. 26 at 11. Because the ALJ determined that Plaintiff was not capable of performing the full range of light work—the exertional level of the work to which the ALJ concluded Plaintiff was able to return—the ALJ should have elicited testimony from a VE. The ALJ's failure to consult a VE to determine, with a greater degree of certainty than "likely," the exertional demands of Plaintiff's PRW and whether she therefore was capable of performing such work

despite her limitations, or at least sufficiently explain the basis for his conclusions, now prevents the Court from reviewing whether the proper analysis was conducted and whether substantial evidence supports the ALJ's decision. *Keeton*, 21 F.3d at 1066. "Where the Court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision." *Spivey v. Apfel*, 133 F.Supp.2d 1292, 1298 (M.D. Fla. 2001) (citing *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984)). On remand, the Commissioner should fully develop the record regarding the exertional demands of Plaintiff's PRW and whether she was able to return to such work by consulting a VE.

As to Plaintiff's remaining arguments, the Court need not address whether Plaintiff could perform other jobs because this matter will be remanded for further clarification about the exertional demands of Plaintiff's PRW and whether she could perform that work. If, however, on remand the testimony of the VE is that Plaintiff cannot return to her past work, then the analysis should proceed consistent with the regulations. To the extent that Plaintiff's memorandum states she is willing to amend her AOD, such amendments are better suited for consideration in the first instance by the Commissioner and not the Court. *See* Doc. 26 at 11.

V.   Conclusion

The ALJ's determinations that Plaintiff can perform less than a full range of light work and subsequent identification of Plaintiff's PRW as "likely at least" within the level permitted by her RFC simply do not provide sufficient reasoning for the Court to conclude that the ALJ employed the proper legal analysis and followed the

proper procedures. After a thorough review of the entire record, the undersigned therefore finds that the ALJ erred by failing to elicit testimony from a VE. The ALJ's decision therefore is not supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1. The decision of the Commissioner is **REVERSED,** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to elicit testimony from a vocational expert regarding whether Plaintiff is capable of performing past relevant work, and make any further determinations consistent with this Opinion and Order or in the interest of justice.

2. The Clerk of Court is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record